## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | No. 2:10-cv-02696-STA-tmp |
| | ) | |
| NEW BREED LOGISTICS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OVERRULING DEFENDANT'S OBJECTIONS TO PORTIONS OF MAGISTRATE JUDGE'S ORDER ON DISCOVERY-RELATED MOTIONS

Before the Court is Defendant's Objections to Portions of the Magistrate Judge's Order on Discovery-Related Motions (D.E. # 69), filed on November 29, 2011. These objections arose from the November 15, 2011, Order ("the Order") issued by the Magistrate Judge resolving several discovery motions this Court referred to the Magistrate Judge for determination. (D.E. # 64.) Plaintiff filed a Response in Opposition to Defendant's Objections (D.E. # 70) on November 30, 2011. For the following reasons, Defendant's Objections are **OVERRULED**.

## BACKGROUND

Plaintiff filed a Complaint alleging that several of Defendant's employees were subjected to sexual harassment while they worked as temporary employees and that another of Defendant's employees was fired for opposing the alleged sexual harassment. (Compl. ¶ 6-14.) While discovery has been under way, the parties have filed several discovery and discovery-related motions (D.E. # 18, 23, 27, 33, 44, 55, and 61), all of which were referred to the Magistrate

Judge for determination.  (D.E. # 20, 24, 29, 34, 48, 57, and 63.)  The Magistrate Judge held a

hearing as to five of these motions (D.E. # 25, 27, 33, 55, and 61) on November 15, 2011.  He

issued the Order that same day.  (D.E. # 64.)

Defendant objects to only one portion of the Order.  Its objections center upon the

Magistrate Judge's decision regarding Plaintiff's Motion for an Order to Compel Disclosures and

Responses to its Requests for Production of Documents (D.E. # 25).  Specifically, Defendant

objects to the Magistrate Judge's resolution of Plaintiff's request for Defendant's financial

records and tax returns.  (D.E. # 64 at 4.)  The Order stated that "evidence of [Defendant's]

*current* net worth and financial condition is relevant to [Plaintiff's] claim for punitive damages."

(*Id.*)  The Order noted that "the majority of courts have held that a plaintiff seeking punitive

damages is entitled to discover such information in advance of trial . . .  without making a prima

facie showing that he is entitled to recover such damages."  (*Id.*)  The Magistrate Judge ordered

Defendant to produce "its balance sheets, profit and loss statements, income statements, and

federal tax returns for the years 2010 and 2011."  (*Id.*)  He also noted that this financial

information would be governed by the case's protective order.  (*Id.* at 4-5.)

### STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(a) provides that

> [w]hen a [nondispositive] pretrial matter . . . is referred to a magistrate judge to
> hear and decide, the magistrate judge must promptly conduct the required
> proceedings and, when appropriate, issue a written order stating the decision.  A
> party may serve and file objections to the order within [fourteen] days after being
> served with a copy. . . . The district judge in the case must consider timely
> objections and modify or set aside any part of the order that is clearly erroneous
> or is contrary to law.

The Magistrate Judge's factual findings are reviewed under the clearly erroneous standard, and

the more lenient contrary to law standard applies to his legal conclusions.[1]  A Magistrate Judge's

decision is clearly erroneous when "the reviewing court on the entire evidence is left with a

definite and firm conviction that a mistake has been committed" even though there is evidence in

the record to support the decision.[2]  Where there are two plausible views, a decision cannot be

clearly erroneous.[3]

## ANALYSIS

As stated above, Defendant objects to the Magistrate Judge's Order requiring it to turn

over to Plaintiff its balance sheets, profit and loss statements, income statements, and federal tax

returns for the years 2010 and 2011.[4]  Defendant first brought the Court's attention to Plaintiff's

initial discovery requests, to which Defendant had also objected.  The two requests sought

Defendant's "financial statements, balance sheets, and profits and loss statements . . . from

October 2007 to the present" and "any and all documents for the period from January 1, 2008, to

the present which contain information indicating Defendant's net worth."[5]  The Order modified

these requests to documents which reflect Defendant's current net worth and financial condition

and which contain its balance sheets, profit and loss statements, income statements, and federal

tax returns for the years 2010 and 2011.[6]

---

[1]      *EEOC v. Burlington N. & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009).

[2]      *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

[3]      *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985).

[4]      (Def.'s Objections, D.E. # 69, at 1.)

[5]      (*Id.* at 2.)

[6]      (*Id.* at 2-3.)

In its Objections to the Order, Defendant first asserted that the financial records and tax

returns sought at this stage of litigation are premature "because Plaintiff has not established an

adequate factual basis for awarding punitive damages."[7]  By extension, Defendant averred that

Plaintiff's need for the financial materials was not yet ripe, and that Plaintiff could renew its

request for the relevant financial records once it establishes liability at trial.[8]  Defendant stated

that the Order "is contrary to law in so far as it requires production of financial information that

has no bearing on the ability of Defendant to pay punitive damages should they eventually be

awarded at trial."[9]

Defendant's second objection to the Order was that the request for records was

overbroad.  Although the Magistrate Judge narrowed the scope of the financial records to be

produced, Defendant argued that "a more narrow set of documents would be more than sufficient

to illustrate . . . Defendant's financial condition and its ability to pay punitive damages."[10]

Defendant stated that "the Order did not go far enough in limiting the discoverable information"

because it still ordered discovery that is "unreasonably cumulative and burdensome."[11]

Defendant arrived at this conclusion by stating that the documents requested  relate to its entire

net worth, but Title VII's damage cap would limit its employees' recovery to $1,200,000.[12]

---

[7]        (*Id.* at 4.)

[8]        (*Id.* at 5-6.)  Defendant also represented that it would comply with that request by
producing responsive information upon a showing of liability.

[9]        (*Id.* at 6.)

[10]       (*Id.*)

[11]       (*Id.* at 6-7.)

[12]       (*Id.* at 7.)

Therefore, Defendant argued that it need only produce financial information showing that it is "capable of paying up to $1,200,000 in punitive damages at the time of trial."[13]

In response, Plaintiff first addressed Defendant's timeliness argument.  It cited several cases supporting the proposition that plaintiffs seeking punitive damages are entitled to discovery information relating to the defendant's financial condition in advance of trial and without making a prima facie showing that they are entitled to recover such damages.[14]  Plaintiff argued that delaying discovery of evidence of Defendant's net worth until trial would lead only to "delay and confusion while plaintiffs digest the information."[15]  Plaintiff asserted that its entitlement to discovery of Defendant's financial records as directed in the Order is fully supported by law.[16]

Plaintiff also addressed Defendant's overbreadth argument.  Plaintiff averred that "[n]umerous courts have held that production of financial records and tax returns for the preceding two or more years is appropriate" in discovery for claims of punitive damages.[17] Plaintiff pointed out that Defendant did not cite any authority for its assertion that "the statutory cap on damages somehow makes production of financial records and tax returns irrelevant."[18] Plaintiff asserted that evidence of Defendant's "financial affairs, financial condition, and net

---

[13]     (*Id.*)

[14]     (Pl.'s Resp. to Def.'s Objections, D.E. # 70-1, at 4.)

[15]     (*Id.*)

[16]     (*Id.* at 5.)

[17]     (*Id.*)

[18]     (*Id.* at 5-6.)

worth are relevant to the punitive damages inquiry," and that such information is not highly confidential, especially as a protective order is in place.[19]

The Court finds that Defendant's objections to the Order are not well-taken.  Defendant's factually-based arguments are not enough to overturn the Magistrate Judge's sound legal reasoning.  The limited scope of the financial documents ordered to be produced, combined with the protective order's application to these records, lead the Court to find that the Order is not contrary to law.  Moreover, legal authority indicates that the production of such documents at this time is permissible.  Accordingly, Defendant's objections to the Order are **OVERRULED**.

## CONCLUSION

For the foregoing reasons, Defendant's objections to the Magistrate Judge's Order are **OVERRULED**.

**IT IS SO ORDERED.**

> **s/ S. Thomas Anderson**
> S. THOMAS ANDERSON
> UNITED STATES DISTRICT JUDGE
>
> Date: December 12th, 2011.

---

[19]      (*Id.* at 6.)