IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 10-2696-STA-tmp ) |
| NEW BREED LOGISTICS, | ) ) |
| Defendant. | ) |

**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Before the Court is Plaintiff Equal Employment Opportunity Commission's ("EEOC") Motion for Partial Summary Judgment (D.E. # 114) filed December 13, 2012. Defendant New Breed Logistics ("New Breed") filed a Response (D.E. # 121) on January 14, 2013. For the reasons set out below, the Court hereby **GRANTS** EEOC's Motion for Partial Summary Judgment.

**BACKGROUND**

When considering a motion for summary judgment, the reviewing court considers all of the undisputed facts, drawing all inferences in favor of the non-moving party.[1] Therefore, for purposes of the instant Motion, the Court accepts the following facts as established.[2]

---

[1] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[2] The Court notes New Breed's objections to the Declaration of Deputy District Director Shirley Richardson ("Richardson") (Decl. Dep. Dir., D.E. # 115-1). New Breed first objects EEOC did not designate Richardson as a person with knowledge in EEOC's initial disclosures pursuant to Rule 26(a)(1)(A). The Court **OVERRULES** this objection, as Richardson is not

1

EEOC received an Intake Questionnaire from Tiffany Pete ("Pete") on June 2, 2008,[3] alleging sexual harassment and retaliatory discharge in connection to her temporary assignment through Select Staffing at New Breed's Memphis, Tennessee facility (the "Avaya facility"). (Decl Dep. Dir. at 5, D.E. # 115-1.)  Pete also described sexual harassment and threats of retaliatory discharge directed towards "Jackie" and "Capricius [sic]." (*Id.*)  Pete further identified Capricious Pearson ("Pearson"), Jackie Hines ("Hines"), and Christopher Partee ("Partee") as witnesses to sexual harassment.  (*Id.* at 6.)

Pete completed a Charge of Discrimination on June 13, 2008, alleging sexual harassment by James Calhoun and retaliation for reporting sexual harassment.[4]  New Breed sent a Notice of Charge of Discrimination on June 19, 2008.  (*Id.* at 9.)  New Breed responded to the Notice of Charge of Discrimination on September 2, 2008, stating Pete could not make out a prima facie case of sexual harassment or retaliation.  (*Id.* at 13-17.)

---

testifying as to her knowledge of events; rather, Richardson serves as a custodian authenticating business records.  Further, the Court notes EEOC's initial disclosures included the documents Richardson authenticates here. (Pl.'s Init. Discl. ¶ 2, D.E. # 121-1.)  New Breed was not prejudiced in any way, shape, or form by EEOC's supposed failure to disclose Richardson as a person with knowledge.  New Breed goes on to object under Fed. R. Evid. 602, 901, and 802. The Court **OVERRULES** these objections without comment, except to direct New Breed's attention to Fed. R. Evid. 803(8)(iii).

[3] The Court notes New Breed disputes that the evidence supports when EEOC received this document.  EEOC's exhibit bears the stamp "Equal Employment Opportunity Comm. Received Jun 2, 2008."  New Breed adduced no evidence contradicting this date.  Throughout this Order, the Court will accept dates appearing on the face of a document as providing evidence of date of completion, date of receipt, or other relevant date and, absent evidence to the contrary, will accept them as undisputed.

[4] New Breed disputes the Charge of Discrimination states Pete's "assignment ended in retaliation for reporting the sexual harassment."  The Charge of Discrimination states "I reported the sexual harassment to the company and thereafter, my assignment ended for no reason.  I believe that I have been . . . retaliated against for the sexual harassment[.]"  While the Court is required to draw all reasonable inferences in favor of the non-moving party, it is patently unreasonable to infer Pete was not talking about the end of her assignment when discussing retaliation in the next sentence.

EEOC completed its investigation of Pete's charges, and issued a Letter of Determination on June 22, 2010.  (*Id.* at 18-19.)  In the Letter of Determination, EEOC noted it found reasonable cause to believe that a New Breed employee sexually harassed Pete and other employees, and that New Breed retaliated against Pete and other employees for complaining about this sexual harassment.  (*Id.* at 19.)  Further, EEOC stated it found reasonable cause to believe New Breed terminated a male employee in retaliation for substantiating the claims of sexual harassment.  (*Id.*)

In a letter dated June 22, 2010, EEOC invited New Breed to conciliation regarding claims by Pete, Pearson, and Hines of sexual harassment and retaliatory discharge at the Avaya facility.  (*Id.* at 20-30.)  EEOC also invited New Breed to conciliate a claim that New Breed retaliated against Christopher Partee ("Partee") for corroborating Pete's sexual harassment claims.  (*Id.* at 30.)  On July 28, 2010, EEOC informed New Breed it would fail conciliation unless it responded by July 29, 2010.  (*Id.*at 31.)  On July 30, 2010, New Breed had not responded to EEOC's attempt to conciliate.  (*Id.*)  EEOC issued a Notice of Conciliation Failure to New Breed on July 30, 2010.  (*Id.* at 32.)

EEOC initiated the instant suit by filing a Complaint in this Court on September 23, 2010, alleging New Breed employee James Calhoun ("Calhoun") sexually harassed Hines, Pearson, and Pete and New Breed discharged Hines, Partee, Pearson, and Pete for opposing Calhoun's sexual harassment.  (Compl. ¶¶ 8-12, D.E. # 1.)  On August 30, 2011, after the deadline for amending pleadings, EEOC moved this Court to allow amendment of EEOC's Complaint, adding a claim that New Breed further retaliated against Hines by discharging her from a permanent position at their Olive Branch, Mississippi facility ("Olive Branch facility").  (Mot. Leave File Am. Compl., D.E. # 23.)  The United States Magistrate Judge granted EEOC's

motion in an order dated November 7, 2011.  (Order Granting Leave Am. Compl., D.E. # 60.)  EEOC filed its Amended Complaint on November 7, 2011.  (Am. Compl., D.E. # 62.)  New Breed filed an Answer to EEOC's Amended Complaint on December 5, 2011, asserting various affirmative defenses to EEOC's claims.  (Ans. Am. Compl., D.E. # 71.)

EEOC, in its Motion for Partial Summary Judgment, argues it is entitled to summary judgment on several of New Breed's asserted affirmative defenses because EEOC has met its statutory prerequisites to bringing suit.  EEOC maintains another of New Breed's affirmative defenses fails as a matter of law, as punitive damages do not per se violate any constitutional guarantee.  Finally, EEOC contends New Breed's reservation of rights to add additional affirmative defenses is inappropriate.  New Breed responds that there is at least a question of fact as to whether EEOC met its statutory prerequisites for each claim before the Court, that their affirmative defense with respect to the constitutionality of punitive damages merely reserves a right to judicial review of any award of punitive damages; and that they simply wished to note other affirmative defense may come up through discovery.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) provides a party is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5]  In reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the nonmoving party.[6]  As a result, the "judge may not make credibility determinations or weigh the evidence."[7]  When the moving party supports the

---

[5] Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharms., Inc.*, 862 F.2d 597, 601 (6th Cir. 1988).

[6] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[7] *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).

motion with documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings, but must present some "specific facts showing that there is a genuine issue for trial."[8]  It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts."[9]  These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.[10]  When determining if summary judgment is appropriate, a court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."[11]  A court must enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.[12]  In the Sixth Circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [its] asserted causes of action."[13]

## ANALYSIS

EEOC moves the Court for summary judgment on some of New Breed's affirmative defenses.  Specifically, EEOC moves for summary judgment on New Breed's Second, Third, Fourth, Fifth, Sixth, Twentieth, and Twenty-second Affirmative Defenses.  As New Breed discusses in its Response, its Second, Third, Fourth, Fifth, and Sixth Affirmative Defenses go

---

[8] *Celotex*, 477 U.S. at 324.

[9] *Matsushita*, 475 U.S. at 586.

[10] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[11] *Id*. at 251-52.

[12] *Celotex*, 477 U.S. at 322.

[13] *Lord v. Saratoga Capital, Inc.*, 920 F. Supp. 840, 857 (W.D. Tenn. 1995) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989)).

primarily to the issue of administrative exhaustion. The Court will analyze these defenses together, as they raise substantially the same issues. The Court will then address New Breed's Twentieth and Twenty-second Affirmative Defenses in turn.

## **Administrative Exhaustion**

New Breed argues EEOC has not met its burden to show there is no disputed issue of material fact as to whether it satisfied its conditions precedent to filing a civil action in this Court with respect to Hines, Pearson, or Partee's claims. New Breed also argues even if EEOC meets their burden with respect to Hines, Pearson, and Partee's claims arising out of their employment at the Avaya facility ("the Avaya Claims"), it has not met its burden to show there is no disputed issue of material fact with respect to its charge of retaliatory discharge of Hines at the Olive Branch facility ("the Olive Branch Claim").

Pursuant to 42 U.S.C. § 2000e-5, EEOC must receive a charge of discrimination, investigate the charge of discrimination, and attempt to conciliate the charge of discrimination before bringing a civil suit in district court.[14] The Court holds the undisputed facts reveal EEOC either satisfied these jurisdictional prerequisites or that these jurisdictional prerequisites did not apply to the charges before the Court.

EEOC satisfied its requirement to receive a charge of discrimination with respect to the Avaya Claims when it received Pete's Charge of Discrimination. Under the "single filing" rule, 42 U.S.C. § 2000e-5 does not require the EEOC to receive a separate charge of discrimination for each claim it presents in district court so long as it is a "substantially related non-filed claim" that "arises out of the same time frame as a timely filed claim[.]"[15] Therefore, a substantially

---

[14] *Bray v. Palm Beach Co.*, 907 F.2d 150, 1990 WL 92672, at *1 (6th Cir. June 29, 1990); *EEOC v. Keco Indus., Inc.*, 748 F.2d 1097, 1102 (6th Cir. 1984).

[15] *EEOC v. Wilson Metal Casket Co.*, 24 F.3d 836, 840 (6th Cir. 1994).

related claim can "piggyback" on an initial charge without necessitating a new charge. "A charge will be adequate to support piggybacking under the single filing rule if it contains sufficient information to notify prospective defendants of their potential liability and permit the EEOC to attempt informal conciliation of the claims before a lawsuit if filed."[16] A court must read an administrative complaint "liberally . . . to encompass all claims 'reasonably expected to grow out of the charge of discrimination.'"[17]

The Court finds the Avaya Claims substantially related, as they all involve Calhoun's sexual harassment of three co-workers and New Breed's alleged retaliatory discharge of those co-workers and a witness. Pete's Charge of Discrimination alleged Calhoun sexually harassed her and that New Breed discharged her in retaliation for opposing Calhoun's actions. EEOC's Notice of Determination noted reasonable cause to believe that Calhoun sexually harassed Hines, Pearson, and Pete and that New Breed terminated Hines, Pearson, Pete, and Partee in retaliation for protected activity in opposition to this harassment. Reading the Charge of Discrimination liberally, the Court finds EEOC's charges of sexual harassment and retaliation against Hines and Pearson substantially related to those it asserts on behalf of Pete: Hines, Pearson, and Pete all worked under Calhoun's supervision; Calhoun made sexually suggestive statements about all three; and New Breed allegedly terminated all three in retaliation for opposing Calhoun's sexually suggestive statements. Partee alleges New Breed terminated him for agreeing to corroborate Pete's claims of sexual harassment by Calhoun.

The Court also finds Hines, Partee, and Pearson's Avaya Claims arise out of the same time frame as a timely-filed claim. As noted in the Court's Order Denying Defendant's Motion

---

[16] *Howlett v. Holiday Inns, Inc.*, 49 F.3d 189, 195 (6th Cir. 1995).

[17] *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 732 (6th Cir. 2006) (quoting *Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992)).

for Summary Judgment, Pete's employment at New Breed began April 1, 2008 and ended May 17, 2008.[18] Hines' employment at the Avaya facility began April 1, 2008 and ended April 29, 2008.[19] Pearson's employment at New Breed began April 8, 2008 and ended May 17, 2008.[20] New Breed suspended Partee May 21, 2008 and terminated him on May 27, 2008.[21] Even giving the facts their most generous reading in favor of New Breed, the Court finds any sexual harassment or retaliation against these claimants at the Avaya facility must have occurred within a period of sixty days, manifestly the same time period. Since all these claims are substantially related and arose within the same time frame as each other, the single filing rules excuses the need for a separate charge of discrimination as to each claim.

New Breed asserts "the EEOC's conclusory allegations do not conclusively establish . . . that each of the claims now alleged were investigated and conciliated[,]" and that the facts do "not establish any fact about the scope of the EEOC's investigation."[22] However, it is "error for [a] district court to inquire into the sufficiency of the Commission's investigation."[23] "[T]he *nature and extent* of an EEOC investigation into a discrimination claim is a matter within the discretion of that agency."[24] All that is necessary for sufficient investigation is that EEOC determine there is reasonable cause for a charge: the determination by EEOC provides notice to

---

[18] Order Denying Def.'s Mot. Summ. J. at 9-10, D.E. # 138.

[19] *Id.* at 12.

[20] *Id.* at 5, 8.

[21] *Id.* at 15.

[22] Def.'s Resp. Mot. P. Summ. J. at 8.

[23] *EEOC v. Keco Indus., Inc.*, 748 F.2d 1097, 1100 (6th Cir. 1984).

[24] *Id.* (emphasis added).

the employer of the new charge and provides the basis for conciliation proceedings.[25] The Court must and does defer to EEOC's judgment as to the sufficiency of its investigation, and finds EEOC satisfied its requirement to conduct an investigation as to the Avaya Claims.

While New Breed labels EEOC's allegations of conciliation "conclusory," there is evidence in the record showing EEOC attempted to conciliate each claim arising out of the Avaya facility. In particular, EEOC's June 22, 2010 letter included attachments referencing conciliation for these claimants. To make out a genuine dispute, there must be more than "some metaphysical doubt as to the material facts" and "the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial."[26] EEOC presents evidence they attempted conciliation of these charges. New Breed presents no evidence to the contrary. Just as a district court may not inquire into the sufficiency of an EEOC investigation, it may not inquire into the sufficiency of EEOC's conciliation attempts.[27] The Court finds there is no genuine dispute as to whether EEOC took *some* steps to conciliate these charges, and its inquiry ends there. Since EEOC satisfied the requirement for filing of an administrative charge, investigation of the charge, and conciliation with respect to the Avaya Claims, New Breed's affirmative defenses related to administrative exhaustion are without merit as applied to these claims.

New Breed further argues there is a question of fact whether EEOC has fulfilled its statutory prerequisites with respect to the Olive Branch Claim. Again, the Court disagrees. As noted above, Hines' sexual harassment and retaliation claims at the Avaya facility were part and parcel with Pete's initial Charge of Discrimination under the single filing rule. In the Sixth

---

[25] *Id.*

[26] *Matsushida Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal quotation omitted).

[27] *Keco Indus.*, 748 F.2d at 1102.

9

Circuit, the EEOC's must limit its judicial complaint "to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination."[28] However, "where facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim."[29] "[R]etaliation naturally grows out of any underlying substantive discrimination charge[.]"[30] EEOC is not required to exhaust administrative remedies prior to adding a retaliation charge that grows out of and arises after an earlier administrative charge properly before the court.[31]

The EEOC alleges New Breed terminated Hines at the Olive Branch facility in continuing retaliation for her opposition to Calhoun's harassment at the Avaya facility.[32] Thus, the Olive Branch Claim naturally grew out of the underlying charge of sexual harassment and retaliation pertaining to Hines at the Avaya facility. EEOC received Pete's initial charge of discrimination on June 17, 2008. New Breed suspended Hines at the Olive Branch facility on June 20, 2008.[33] As a result, EEOC did not need to exhaust administrative remedies with respect to the Olive Branch Claim. Any defense asserting EEOC did not exhaust its administrative remedies with respect to the Olive Branch Claim is therefore meritless.

---

[28] *EEOC v. Bailey Co.*, 563 F.2d 439, 446 (6th Cir. 1977).

[29] *Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998).

[30] *Baker v. Sam's East, Inc.*, No. 3-11-1001, 2012 WL 589526, at *2 (M.D. Tenn. Feb. 22, 2012) (citing *Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 380 (6th Cir. 2002)).

[31] *Id.* (citing *Nichols v. Gen. Motors Co.*, 978 F.Supp. 743, 746-47 (S.D. Ohio 1997)). *See also Keco Indus.*, 748 F.2d at 1101-02 (conciliation excused for charge reasonably expected to grow out of the initial charge of discrimination when conciliation of initial charge failed).

[32] Am. Compl. ¶ 11, D.E. # 62

[33] *See* Order Denying Def.'s Mot. Summ. J. at 13.

New Breed predicates its Second, Third, Fourth, Fifth, and Sixth Affirmative Defenses on arguments EEOC in one way or another failed to exhaust administrative remedies. EEOC has satisfied its statutory prerequisites to suit with respect to all claims currently before the Court. The Court therefore finds New Breed's Second, Third, Fourth, Fifth, and Sixth Affirmative Defenses without merit and **GRANTS** EEOC's Motion for Partial Summary Judgment with respect to these affirmative defenses.

## Punitive Damages

New Breed asserts in its Twentieth Affirmative Defense that, to the extent which EEOC seeks exemplary or punitive damages, such an award would violate New Breed's rights to procedural due process under both the United States and Tennessee Constitutions, would violate New Breed's right to be free from excessive fines under both the United States and Tennessee Constitutions, and would violate New Breed's right to substantive due process under the both the United States and Tennessee Constitutions. The Court finds this argument unsupported and is aware of no case law prohibiting an award of punitive damages under such theories. New Breed, in its Response, argues they merely meant to reserve the right to have the Court review any award of punitive damages in accord with the principles announced in *BMW of North America, Inc. v. Gore*,[34] *State Farm Mutual Auto Insurance Co. v. Campbell*,[35] and *Cooper Industries, Inc. v. Leatherman Tool Group, Inc*.[36] However, it is unnecessary for New Breed to make such a reservation of rights; should there be an award of punitive damages in this case, the Court will entertain such motions as are appropriate at that time. Therefore, the Court **GRANTS** EEOC's

---

[34] *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996).

[35] *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

[36] *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001).

Motion for Partial Summary Judgment with respect to New Breed's Twentieth Affirmative Defense.

### Further Defenses

New Breed, in its Twenty-second Affirmative Defense, purports to reserve the right to assert further affirmative defenses as become apparent in discovery. Such a reservation of rights is unnecessary and a nullity. Should affirmative defenses become apparent through discovery, the proper way to assert them is through amendment of the answer, either by consent of the parties or with leave of the Court.[37] Therefore, the Court **GRANTS** EEOC's Motion for Partial Summary Judgment with respect to New Breed's Twenty-second Affirmative Defense.

### CONCLUSION

Because EEOC's claims relating to Hines, Partee, and Pearson at the Avaya facility are substantially related and arose out of the same time period as EEOC's claims relating to Pete; and because EEOC's claims relating to Hines' termination at the Olive Branch facility reasonably grew out of EEOC's claims relating to Hines at the Avaya facility, the Court **GRANTS** EEOC's Motion for Partial Summary Judgment with respect to New Breed's Second, Third, Fourth, Fifth, and Sixth Affirmative Defenses. Because there has been no punitive damages award in this case and because an argument that punitive damages are excessive in a particular case is not an affirmative defense, the Court **GRANTS** EEOC's Motion for Partial Summary Judgment with respect to New Breed's Twentieth Affirmative Defense. Because the proper method to raise a new affirmative defense is through amendment rather than by reservation, the Court **GRANTS** EEOC's Motion for Partial Summary Judgment with respect to New Breed's Twenty-second Affirmative defense.

---

[37] *See* Fed. R. Civ. P. 15(a)(2).

**IT IS SO ORDERED.**

        **s/  S. Thomas Anderson**
        S. THOMAS ANDERSON
        UNITED STATES DISTRICT JUDGE

        Date:  April 5, 2013.