IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISON

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 2:10-cv-02696-STA/tmp |
| NEW BREED LOGISTICS, | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
MOTION *IN LIMINE* TO EXCLUDE CLAIMANT
CAPRICIUS PEARSON'S SOCIAL MEDIA POSTINGS**

**I.   INTRODUCTION**

Plaintiff Equal Employment Opportunity Commission (Commission) submits this memorandum in support of its motion *in limine*, pursuant to Federal Rules of Evidence 401, 402, 403, and 412, to exclude from trial any and all social media postings of Capricius Pearson. Defendant's trial exhibits numbered 15, 16 and 17 are Ms. Pearson's Facebook profile pages. These exhibits are not relevant. Even if this Court were to find that they are remotely relevant, such evidence would simply distract and confuse the jury, thereby outweighing any probative value that they might have.

**II.   BACKGROUND**

Capricius Pearson is one of the claimants in this case. (D.E. #1) When Pearson worked for Defendant, James Calhoun, Defendant's supervisor and the harasser in this case, would ask her to "fuck him," "suck his dick," and "get a [hotel] room" with him daily. (*See* Pl.'s Resp. to

1

Summ. J., Docket No. 124). On May 17, 2011, Defendant deposed Pearson. Pearson admitted to having a Facebook account. That same day, and during the deposition, Defendant downloaded her Facebook profile. At that time, her nickname on that account was "Capricius AllthatAss Pearson". She noted that she was "allergic to bullshit." In the undated photo on her profile page, she was smiling. Her shirt showed some cleavage. Pearson also admitted to having a Myspace account. That same day, Defendant also downloaded her Myspace pages. In those pages, there are photos of Pearson when she was smiling. In one photo, Pearson turned her rear end to the camera. She wore what appear to be sweat pants with the phrase, "My Boo", prominently displayed across her rear end.

### III.   LAW AND ARGUMENT

Evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action.

Rule 401, Fed. R. Evid. "Irrelevant evidence is not admissible." Rule 402, Fed. R. Evid. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Rule 403, Fed. R. Evid.

The following evidence is not admissible in civil cases involving alleged sexual misconduct.

**(1)** evidence offered to prove that a victim engaged in other sexual behavior; or

**(2)** evidence offered to prove a victim's sexual predisposition.

Rule 412(a)(1)-(2), Fed. R. Evid.  Such evidence may be admitted "to prove a victim's sexual behavior or sexual predisposition if its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party." *Id*. at (b)(2).  If a defendant intends to offer such evidence, it must

- (A) file a motion that specifically describes the evidence and states the purpose for which it is to be offered;
- (B) do so at least 14 days before trial unless the court, for good cause, sets a different time;
- (C) serve the motion on all parties; and
- (D) notify the victim or, when appropriate, the victim's guardian or representative.

*Id*. at (c)(1).  "Before admitting evidence under this rule, the court must conduct an in camera hearing and give the victim and parties a right to attend and be heard." *Id*. at (c)(2).

"In cases involving express demands for sex by a supervisor, current Federal Rule of Evidence 412 clearly prohibits the admissibility of any evidence offered to show other sexual behavior or the sexual predisposition of the alleged victim." *Socks-Brunot v. Hirschvogel Inc.*, 184 F.R.D. 113, 116 (S.D. Ohio 1999) (citing Fed. R. Evid. 412(a)(1) & (2)).  Moreover, Rule 412 applies to sexual harassment cases.

> The Advisory Committee Notes leave no doubt that Rule 412 is intended to apply to sexual harassment cases. Unless Rule 412(b)(2) is satisfied, as further described below, evidence of the plaintiff's speech, lifestyle, sexual behavior, or predisposition is inadmissible. Further, non-workplace sexual conduct is also presumptively inadmissible.

*Id*. at 118.  Even if such evidence is admissible under Rule 403, "evidence subject to Rule 412 is presumptively inadmissible, even when offered to disprove 'unwelcomeness' in a sexual harassment case." *Id*. at 119.  If a defendant seeks to admit such evidence, it must seek admission in advance of trial.

3

> More importantly, Federal Rule of Evidence 412 does not permit a defendant to first offer evidence of "sexual predisposition" or prior "sexual behavior" at trial. Subpart (c)(2) requires that such evidence be the subject of a sealed motion filed fourteen (14) days in advance of trial. The Rule places no obligation on the plaintiff to file a motion *in limine* concerning such evidence which may or may not be offered by the defendant

*Id*. at 121.

EEOC is not aware of Defendant filing any motion seeking to admit evidence of Pearson's "sexual predisposition" or prior "sexual behavior." With trial set for April 30, 2013, EEOC respectfully submits that any such motion would be untimely. Fed. R. Evid. 412(c). In the alternative, EEOC respectfully submits that such evidence is inadmissible even if the Court were to consider it. Even if evidence may be admissible for one purpose but inadmissible for another, the general rule "is inapplicable with regard to evidence covered by Rule 412." See *Socks-Brunot*, 184 F.R.D. at 119. Moreover, "the Rule also provides a fundamentally different balancing test as to admissibility than that provided by the general relevance standard found in Federal Rule of Evidence 403." *Id*.

Pearson's photos from her Facebook and Myspace pages may be sexually suggestive, but in a fashion "totally different" than being asked by her supervisor to "fuck him," "suck his dick," and "get a [hotel] room" with him daily. See *Webb v. Jessamine County Fiscal Court*, No. 5:09-CV-314-JMH, 2011 WL 3652751, at *2 (E.D. Ky. Aug. 19, 2011) (online photos of plaintiff in provocative poses excluded). In any event, there is no proof that Calhoun saw any of these pictures while Pearson worked for Defendant. *Socks-Brunot*, 184 F.R.D. at 121 (even under "more relaxed Rule 403 standard", court would have excluded plaintiff's statements with co-workers about sexual relationship that harasser never heard). The profanity on Pearson's Facebook and Myspace pages would also be irrelevant and unduly prejudicial. "Such evidence paints the plaintiff as foul-mouthed, abrasive, and outspoken, none of which casts her in a

4

favorable light." *Id.* at 123 (sexual harassment not based on use of profanity, but on harasser's "sexually explicit and degrading comments" directed at plaintiff). Even if Defendant argued that such evidence was relevant for some other purpose, such as Pearson's emotional distress or damages, there would still be "negative inferences" that might interfere with a fair trial. *Socks-Brunot*, 184 F.R.D. at 123-24 (plaintiff's comments that she had "baby from hell" and regretted having "blue collar" employee as husband added to defense picture of "sexually aggressive, foul-mouthed, bad mother and wife, none of which was relevant unless tied to the context of the specific claims made by her against" her harasser).

Accordingly, the Commission respectfully moves in limine pursuant to Rules 401, 402, 403, and 412 to exclude any social media postings of Capricius Pearson as untimely or inadmissible.

Respectfully submitted,

**P. DAVID LOPEZ**
General Counsel

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

**FAYE A. WILLIAMS**
Regional Attorney
TN Bar No. 011730

**JOSEPH M. CROUT**
Supervisory Trial Attorney
TN Bar No. 012957

s/ Kelley R. Thomas (with permission ACJ)
**KELLEY R. THOMAS**
Trial Attorney
TN Bar No. 023926

       s/ Matthew H. McCoy (with permission ACJ)
**MATTHEW H. McCOY**
Trial Attorney
IN Bar No. 29368-49
matthew.mccoy@eeoc.gov

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
1407 Union Ave., Suite 901
Memphis, TN 38104
(901) 544-0070

s/ Anica C. Jones
ANICA C. JONES
Trial Attorney
TN Bar No. 025325
anica.jones@eeoc.gov

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
220 Athens Way, Suite 350
Nashville, TN 37228
(615) 736-2105

## CERTIFICATE OF SERVICE

     I certify that on April 16, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system

       Louis Britt, Esq.
       Asia Diggs, Esq.
       FORD & HARRISON, LLP
       795 Ridge Lake Blvd., Suite 300
       Memphis, TN 38120

       Gerald L. Pauling II, Esq.
       Christopher J. DeGroff, Esq.
       Rebecca Sharon Bromet, Esq.
       Ada W. Dolph, Esq.

Jason Priebe, Esq.
SEYFARTH SHAW, LLP
131 S. Dearborn Street, Suite 2400
Chicago, IL 60603

s/ Anica C. Jones
Anica C. Jones
