IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 10-2696-STA-tmp |
| NEW BREED LOGISTICS, | ) ) | |
| Defendant. | ) ) | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION *IN LIMINE***

Before the Court is Defendant New Breed Logistics' ("New Breed") Motion *in Limine* (D.E. # 147) filed April 10, 2013, asking the Court to prohibit Plaintiff Equal Employment Opportunity Commission ("EEOC") from introducing or referring to any evidence regarding a sexual relationship between James Calhoun ("Calhoun") and Jovan "Jay" Hobson ("Hobson"). EEOC filed a Response (D.E. # 162) on April 10, 2013. For the reasons set out herein, the Court **GRANTS IN PART** and **DENIES IN PART** New Breed's Motion.

New Breed takes exception to two types of evidence regarding the relationship between Calhoun and Hobson. The first type of evidence is what Claimants Jacqueline Hines ("Hines"), Capricious Pearson ("Pearson"), Christopher Partee ("Partee"), and Tiffany Pete ("Pete") heard from other employees at New Breed regarding Calhoun and Hobson's relationship ("Rumor Evidence") Federal Rule of Evidence 801 defines hearsay as an out of court statement offered to

1

prove the truth of the matter asserted.[1]  Federal Rule of Evidence 802 generally prohibits the use of hearsay evidence.[2]  The Court finds the Rumor Evidence to be inadmissible hearsay that falls under no exception in the Federal Rules of Evidence.  Therefore, with respect to the Rumor Evidence, the Court **GRANTS IN PART** New Breed's Motion *in Limine*.

New Breed also takes exception to the introduction of evidence from Partee regarding Calhoun and Hobson's relationship.  In particular, EEOC seeks to introduce testimony from Partee that Calhoun told Partee he was going to get Hobson's "pussy" while on the way to Hobson's home, and when there Calhoun and Hobson went into another room for an hour while Partee waited in the living room.

The Court finds the testimony with respect to Calhoun's statement falls under the then-existing mental, emotional, or physical condition exception to the rule against hearsay.[3]  Calhoun's statement was a "statement of the declarant's then-existing state of mind (such as *motive, intent, or plan*[.])"[4]  Therefore, the rule against hearsay does not apply to Partee's potential testimony as to Calhoun's statement.

In order to be admissible, Partee's testimony regarding Calhoun's statements and the visit to Hobson's home must also be relevant to an issue at trial and its prejudicial value must not substantially outweigh its probative value.[5]  The Court finds this evidence relevant to the issue of whether Calhoun promoted employees who gave in to his sexual advances.  The Court also finds

---

[1] Fed. R. Evid. 801(c).

[2] Fed. R. Evid. 802.

[3] Fed. R. Evid. 803(3).

[4] *Id.* (emphasis added.)

[5] Fed. R. Evid. 401; 402; 403.

this evidence relevant to contradict Calhoun's expected testimony that he had no sexual relationship with Hobson.  Further, although this evidence is likely harmful to New Breed's case, its prejudicial effect does not so outweigh its probative value so as to warrant exclusion under Fed. Rule Evid. 403.  Therefore, the Court **DENIES IN PART** New Breed's Motion *in Limine* with respect to Partee's testimony regarding Calhoun's statement.

    **IT IS SO ORDERED.**

    s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:  April 22, 2013.