| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 10-2696-STA-tmp |
| NEW BREED LOGISTICS, | ) ) ) | |
| Defendant. | ) | |

## ORDER GRANTING DEFENDANTS MOTION *IN LIMINE*

Before the Court is Defendant New Breed Logistics' ("New Breed") Motion *in Limine* (D.E. # 146) filed April 10, 2013 asking the Court to prohibit Plaintiff Equal Employment Opportunity Commission ("EEOC") from introducing evidence regarding or referring to the Tennessee Department of Labor and Workforce Development, Division of Employment Services' ("DES") decision granting James Calhoun ("Calhoun") employment benefits. EEOC filed a Response (D.E. # 161) on April 16, 2013. For the reasons given herein, the Court **GRANTS** New Breed's Motion *in Limine*.

New Breed first argues the DES decision is inadmissible hearsay. Federal Rule of Evidence 801 defines hearsay as an out of court statement offered to prove the truth of the matter asserted.[1] Federal Rule of Evidence 802 generally prohibits the use of hearsay evidence.[2] However, Federal Rule of Evidence 803 sets out several exceptions to the rule against hearsay,

---

[1] Fed. R. Evid. 801(c).

[2] Fed. R. Evid. 802.

including an exception for public records.[3] DES was under a legal duty to report; and nothing indicates this document is untrustworthy; therefore, the Court finds it to fall within the public records exception to the rule against hearsay.

New Breed next argues the DES decision is substantially more prejudicial than it is probative. Federal Rule of Evidence 401 provides "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[4] Federal Rule of Evidence 402 makes relevant evidence generally admissible.[5] However, a court may exclude otherwise admissible evidence under Fed. R. Ev. 403 if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[6]

The Court agrees the DES decision is substantially more prejudicial than probative. EEOC constructs an inferential chain by which it considers the indicated cause of Calhoun's termination from New Breed a party admission and significantly probative towards the issue of why New Breed terminated Calhoun. However, on the current record, the Court cannot agree that this inferential chain is reasonable. New Breed maintains it provided no information to DES. Although Calhoun denied knowing the reason for his termination in his deposition, the supposition New Breed must have disclosed "foul language" as the reason for Calhoun's termination is nothing more than speculative. Therefore, the probative value of the DES decision

---

[3] Fed. R. Evid. 803(8).

[4] Fed. R. Evid. 401.

[5] Fed. R. Evid. 402.

[6] Fed. R. Evid. 403.

is low.  In contrast, the prejudicial nature of this information and its tendency to confuse the jury

is high.  As noted, the Court finds EEOC's inferential chain unwarranted on the record before it.

Introduction of the DES statement and allowing EEOC to argue their inferences would tend to

lead the jury down a path unsupported by the facts.  Therefore, the Court **GRANTS** New

Breed's Motion *in Limine*.

Should additional evidence become available tending to show New Breed provided this

information, the Court may revisit this Order.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:  April 22, 2013.