IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 10-02696-STA-tmp ) |
| NEW BREED LOGISTICS, | ) ) |
| Defendant. | ) ) |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT NEW BREED LOGISTICS' MOTION *IN LIMINE***

Before the Court is Defendant New Breed Logistics' ("New Breed") Motion *in Limine* (D.E. #145) filed April 10, 2013, asking the Court to prohibit Plaintiff Equal Employment Opportunity Commissions' ("EEOC") introduction of evidence regarding James Calhoun's ("Calhoun") post-employment conduct. In particular, New Breed asks the Court to bar evidence relating to Calhoun's employment at IPS Industries and the matter of *EEOC v. IPS Industries, Inc.* EEOC filed a Response (D.E. # 160) on April 16, 2013. For the reasons given herein, the Court hereby **GRANTS IN PART** and **DENIES IN PART** New Breed's Motion.

EEOC may not use evidence of Calhoun's post-termination employment activities as propensity evidence. Federal Rule of Evidence 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."[1] Should EEOC introduce evidence of Calhoun's post-termination actions in order to prove Calhoun acted in conformity

---

[1] Fed. R. Evid. 404(b).

with those actions at New Breed, Rule 404(b) clearly prohibits such evidence. Therefore, the Court **GRANTS IN PART** New Breed's Motion with respect to Calhoun's post-termination actions if used for the purpose of establishing action in conformity.

However, EEOC wishes to introduce Calhoun's own statements to show a propensity for untruthfulness, thereby impeaching Calhoun's credibility. Federal Rule of Evidence 613(b) allows a party to impeach a witness' credibility by the introduction of extrinsic evidence of a prior inconsistent statement.[2] To the extent Calhoun made statements in the IPS litigation inconsistent with statements made in the current matter, EEOC may introduce evidence of these inconsistent statements. Further, EEOC wishes to introduce evidence that Calhoun admitted to misrepresentations and omissions on his applications for employment after he left New Breed. Under Federal Rule of Evidence 608(b), EEOC may inquire as to specific examples of Calhoun's acts to attack Calhoun's character for truthfulness; however, EEOC may not introduce extrinsic evidence of such examples. Therefore, the Court **DENIES IN PART** New Breed's Motion with respect to evidence of Calhoun's inconsistent statements in the IPS litigation and in the current matter and **DENIES IN PART** New Breed's Motion with respect to inquiries regarding Calhoun's misrepresentations and omissions on employment applications.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: April 22, 2013.

---

[2] Fed. R. Evid. 613.