# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 10-2696-STA-tmp |
| NEW BREED LOGISTICS, | ) ) | |
| Defendant. | ) ) | |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION *IN LIMINE*

Before the Court is Defendant New Breed Logistics' ("New Breed") Motion *in Limine* (D.E. #144) filed April 10, 2013, asking the Court to prohibit Plaintiff Equal Employment Opportunity Commissions' ("EEOC") introduction of any evidence regarding New Breed's document preservation or retention policies. EEOC filed a Response (D.E. # 159) on April 16, 2013. For the reasons stated herein, the Court hereby **GRANTS IN PART** and **DENIES IN PART** New Breed's Motion *in Limine*.

New Breed asserts EEOC may attempt to introduce evidence regarding New Breed's deletion of e-mails, the erasure of the hard drive on James Calhoun's ("Calhoun") laptop computer, and the erasure of video tapes showing Claimant Christopher Partee ("Partee") taking unauthorized breaks (the "Partee tape"). Federal Rule of Evidence 401 provides "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without

the evidence; and (b) the fact is of consequence in determining the action."[1]  Federal Rule of

Evidence 402 makes relevant evidence generally admissible.[2]  However, a court may exclude

otherwise admissible evidence under Fed. R. Ev. 403 if "its probative value is substantially

outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues,

misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[3]

With respect to Calhoun's laptop computer, the Court previously ruled no such computer

existed.  Further, EEOC states they intend to present no evidence regarding Calhoun's putative

laptop computer.  Therefore, the Court **GRANTS IN PART** New Breed's Motion *in Limine* and

bars any evidence pertaining to New Breed erasing a hard drive contained in Calhoun's non-

existent work laptop.

With respect to testimony regarding deletion of e-mails, EEOC informs the Court it does

not intend to present any information regarding deletion of e-mails.  Therefore, the Court

**GRANTS IN PART** New Breed's Motion *in Limine* and bars any evidence regarding New

Breed's deletion of e-mails.

With respect to testimony regarding the Partee video, although the Court ruled EEOC is

not entitled to an adverse inference instruction, the Court notes New Breed plans to put the

contents of this video tape in issue by introducing testimony that certain people viewed tape and

that New Breed relied in part on this videotape in their decision to terminate Partee.  Typically,

the "best evidence rule" requires a party asserting the contents of "an original writing, recording,

---

[1] Fed. R. Evid. 401.

[2] Fed. R. Evid. 402.

[3] Fed. R. Evid. 403.

or photograph" to provide the document to prove its contents.[4]  Through no fault of New Breed, the original recording no longer exists, and assuming a proper foundation the Court will allow New Breed to present testimony as to the contents of the recording.  However, if New Breed presents evidence going to the contents of the Partee tape, the Court will allow EEOC to call the jury's attention to the fact it no longer exists.  EEOC may not, however, argue that the fact the tape no longer exists entitles EEOC to any presumption as to the tape's contents, or speculate as to why New Breed destroyed the tape.  The Court holds that EEOC may introduce evidence of the Calhoun tape's destruction for the limited purpose of attacking the credibility of witnesses testifying as to the Calhoun tape's contents.  The Court finds such evidence will not unduly prejudice the jury or confuse the issues, and is relevant to the issue of witness credibility. Therefore, the Court **DENIES IN PART** New Breed's Motion *in Limine* with respect to the Calhoun tape.

EEOC presents further arguments regarding Peggy Franklin's testimony as to the contents of a videotape showing Calhoun's conduct with other employees (the "Calhoun tape"). Although New Breed makes no argument regarding the Calhoun tape in its Motion, to the extent EEOC will need to present evidence New Breed destroyed the Calhoun tape in order to lay a foundation under Fed. R. Evid. 1004 for Franklin's testimony the Court **DENIES IN PART** New Breed's Motion *in Limine*.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:  April 22, 2013.

---

[4] Fed. R. Evid. 1002.