IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 10-2696-STA-tmp |
| NEW BREED LOGISTICS, | ) ) | |
| Defendant. | ) ) | |

**ORDER DENYING DEFENDANT'S MOTION *IN LIMINE***

Before the Court is Defendant New Breed Logistics' ("New Breed") Motion *in Limine* (D.E. #143) filed April 10, 2013, asking the Court to prohibit Plaintiff Equal Employment Opportunity Commission's ("EEOC") introduction of evidence regarding any emotional distress damages beyond garden variety emotional distress for Claimants Capricious Pearson, Tiffany Pete, Jacqueline Hines, and Christopher Partee ("Claimants"). EEOC filed a Response (D.E. # 158) on April 16, 2013. For the reasons given herein, the Court **DENIES** this motion.

Federal Rule of Evidence 401 provides "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[1] Federal Rule of Evidence 402 makes relevant evidence generally admissible.[2] However, a court may exclude otherwise admissible evidence under Fed. R. Ev. 403 if "its probative value is substantially outweighed by a danger of one or more of the

---

[1] Fed. R. Evid. 401.

[2] Fed. R. Evid. 402.

1

following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[3]

EEOC seeks to recover damages for so-called "garden variety" emotional distress to Claimants. A garden variety emotional distress claim is one that does not allege "psychic injury or psychiatric disorder[.]"[4] In order to support an award of damages for emotional distress, EEOC must introduce competent evidence concerning Claimants' injuries.[5] However, the Claimants' "own testimony, along with the circumstances of a particular case, can suffice to sustain the plaintiff's burden in this regard."[6]

New Breed specifically asks the Court to bar EEOC from presenting or referring to evidence that Claimants suffered any physical or mental ailment as a result of New Breed's actions. New Breed argues EEOC does not offer expert medical testimony regarding such ailments, and New Breed was unable to obtain Rule 35 medical examinations due to EEOC's assertion of only garden variety emotional distress, so EEOC should not be able to introduce or refer to testimony of any physical symptoms, injuries, manifestations, or physical or mental conditions associated with any alleged harm.

The Court does not find New Breed's arguments well-taken. "It is well settled that Title VII plaintiffs can prove emotional injury by testimony without medical support."[7] It has been the practice in this circuit and district to allow lay testimony as to physical manifestations of

---

[3] Fed. R. Evid. 403.

[4] *Sabree v. United Bh'd Carpenters & Joiners of Am., Local No. 33*, 126 F.R.D. 422, 425 (D.Mass 1989.)

[5] *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 472 (6th Cir. 2009).

[6] *Turic v. Holland Hospitality, Inc.*, 85 F.3d 1211, 1215 (6th Cir. 1996).

[7] *Id.*

2

emotional distress, even when the plaintiff only alleges garden variety emotional distress.[8]  Such testimony is relevant to the garden variety emotional damages EEOC alleges.

Further, the Court does not find such testimony will be so prejudicial or confusing to the jury as to significantly outweigh its probative value towards the issue of Claimants emotional distress.  Should EEOC attempt to introduce evidence of psychiatric disorder or other diagnosis requiring expert testimony, the Court can deal with such issues as they arise through proper objection and, if necessary, curative instruction.  Therefore, the Court **DENIES** New Breed's Motion *in Limine*.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:  April 22, 2013.

---

[8] *See Id* (weight loss); *Seymour v. U.S. Postal Serv.*, No. 04-2261-BBD-tmp, 2010 WL 12554933, at *15 (W.D. Tenn. Mar. 25, 2010) (Donald, J.) (migraine headaches, irritable bowel syndrome); *Love v. Shelby Cnty. Sheriff's Dep't*, No. 02-2478 M1, 2006 WL 1049336, at *8 (W.D. Tenn. Apr. 20, 2006) (migraine headaches) (McCalla, J.); *Currie v. Haywood Cnty.*, No. 03-1052-T/AN, 2006 WL 840427, at *7 (W.D. Tenn. Mar. 30, 2006) (Todd, J.).