IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY, COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No.: 2:10-cv-02696-STA/tmp ) |
| NEW BREED LOGISTICS, INC., | ) ) ) |
| Defendant. | ) |

**PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISION'S MEMORANDUM IN SUPPORT OF ITS RESPONSE IN OPPOSITION TO DEFENDANT'S RULE 60 MOTION TO AMEND OR CORRECT THE COURT'S ORDER**

The Equal Employment Opportunity Commission (EEOC or the Commission) submits this Memorandum in Support of Its Response in Opposition to Defendant New Breed Logistics, Inc.'s (Defendant or New Breed) Federal Rule of Civil Procedure 60 Motion to Amend or Correct the Court's August 23, 2013 Order.  The Commission asserts that New Breed's motion should be denied because:  (1) the Court's August 23, 2013 Order is correct and Rule 60 is not applicable; (2) New Breed failed to move, under Rule 50(a), for judgment as a matter of law regarding mitigation or offsetting income at trial, and is therefore barred from bringing a post-verdict Rule 50(b) motion on these issues; and (3) the jury's back pay awards were supported by record evidence and New Breed failed to establish that the back pay awards should be reduced.

**PROCEDURAL HISTORY**

The Commission brought this sexual harassment and retaliation lawsuit on behalf of claimants Tiffany Pete, Capricius Pearson, Jacquelyn Hines and Christopher Partee.  The jury trial in this matter took place April 30, 2013 through May 9, 2013.  Before the Court submitted the case to the jury, New Breed moved the Court for judgment as a matter of law under Rule 50(a), making the following arguments:

(1) that Hines failed to engage in protected activity before Supervisor James Calhoun ended her temporary assignment at Defendant's Avaya warehouse facility (Ex.1, Trial Tr. 5/7/13, Rule 50 Argument, at 4:6-5:13);

(2) that the reason for Hines' termination from Defendant's Nail Road warehouse facility was falsification of her employment application—not because she engaged in protected activity (*Id.* at 5:14-6:12);

(3) that HR Manager Luann Hearn did not know of Partee's protected activity before she suspended him, and that there is no connection between Partee's termination and New Breed's investigation of Supervisor Calhoun (*Id.* at 6:13-7:12);

(4) that Pearson failed to engaged in protected activity before Supervisor Elizabeth Malone ended her temporary assignment, and that performance problems (not protected activity) led to her termination (*Id.* at 7:13-8:17);

(5) that Pete is judicially estopped from recovering damages because she did not disclose her EEOC charge as an asset in her bankruptcy (*Id.* at 8:18-10:1); and

(6) that the Commission did not present sufficient evidence at trial to support a punitive damages award because New Breed did not act with malice or reckless indifference to the claimants' federally protected rights (*Id.* at 10:2-13:3).

Notably, New Breed did not move for judgment as a matter of law on any issues related to mitigation or offsetting income.[1]  (*See* Ex.1, 5/7/13 Tr. Transcript, Rule 50 Argument, at 13:4-11). After the Commission respond to each of New Breed's argument's, the Court took the Rule 50 motion under advisement until the jury returned a verdict. (*Id.* at 34:5-14).  The jury returned a verdict against New Breed and in favor of the Commission on each of the sexual harassment and retaliation claims,

---

[1] New Breed made its initial Rule 50(a) motions at the close of the Commission's proof.  New Breed renewed its Rule 50(a) motions at the close of its own proof, but did not raise any new arguments and did not move for judgment as a matter of law with regard to mitigation or offsetting income.  (*See* Ex. 2, 5/7/13 Tr. Transcript at 110:22-111:21).

awarding the claimants $1,513,094.97.  The Court entered the judgment on May 10, 2013.  (D.E. # 228).

On June 6, 2013, New Breed renewed its Motion for Judgment as a Matter of Law, pursuant to Rule 50(b).  (D.E. # 236).  In its motion, New Breed argued for the first time that the Claimant's back pay damages should be reduced, as a matter of law.  (*Id.*)  The Commission responded to New Breed's Rule 50(b) Motion on July 1, 2013.[2]  (D.E. # 249).

On August 23, 2013, the Court issued an Order on New Breed's post-trial motions.  (D.E. # 269).  The Court granted in part New Breed's Motion for Judgment as a Matter of Law to reduce Partee's punitive damage award under Title VII's statutory cap.  (D.E. # 269, p. 32-33, 37).  The Court denied New Breed's Motion for Judgment as a Matter of Law on all other grounds.[3]

New Breed now moves the Court, pursuant to Rule 60, to amend its August 23, 2013 Order and reduce the back pay awards of Partee, Pete and Hines, asserting that the Order did not address New Breed's argument that their back pay awards should be reduced.  As discussed below, New Breed's argument lacks merit and the Commission asserts that the Rule 60 motion should be denied.

## APPLICABLE LAW AND ARGUMENT

### I.      The Court's Order is Correct and Fed. R. Civ. P. 60 is Not Applicable

The Court's Order is correct and Rule 60 is not applicable.  New Breed brings this motion under Rule 60(a), 60(b)(1), and 60(b)(6).  Rule 60(a) is meant to correct clerical errors . . . [but] does not allow courts to 'correct an error of substantive judgment.'"  *Miltimore Sales, Inc. v. International Rectifier, Inc.*, 119 F. App'x 697, 700 (6th Cir. 2004) (citing *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002) (noting that "[t]he basic purpose of the rule is to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission").  Rule 60(b)(1) gives courts the discretion

---

[2] In its Response, the Commission noted that "Defendant failed to specifically preserve this argument [regarding reduction of back pay awards] at trial in its Rule 50(a) motion and thus, Defendant has effectively waived it."  (D.E. # 249, p. 28).

[3] The Court also denied New Breed's Motion for a New Trial or to Alter the Judgment in its entirety.  (D.E. # 269).

to relieve a party from a judgment for "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(6) provides relief under "any other reason justifying relief from the operation of the judgment." However, "[a] court's application of Rule 60(b)(6) requires 'exceptional and extraordinary circumstances' warranting relief in the absence of an appeal on the merits." *Cequent Trailer Products, Inc. v. Intradin (Shanghai) Machinery Co. Ltd.*, No. 05-CV-2566, 2007 WL 1362457, at *2 (N.D. Ohio May 7, 2007).

None of these provisions is applicable in the current case. The Court's August 23, 2013 Order did not contain clerical errors and the Order fully disposed of all pending motions. As discussed below, New Breed waived any Rule 50(b) motions on mitigation or offsetting income and the jury's award of back pay is supported by record evidence. Reduction of the back pay awards is not warranted and the Court's August 23, 2013 Order is correct. Accordingly, the Court's exercise of authority under Rule 60 is not warranted and New Breed's motion should be denied.

**II.    New Breed is Barred from Bringing the Rule 50(b) Motion Regarding Failure to Mitigate and Offsetting Income Because it Failed to Raise these Issues at Trial**

At trial, New Breed failed to move the Court for a judgment as a matter of law, pursuant to Rule 50(a), with regard to mitigation or offsetting income. This failure is fatal to New Breed's current motion. Rule 50(b) only allows for renewal of a motion not granted at trial under Rule 50(a). The Sixth Circuit has recognized the "well-established proposition that a post-trial motion for judgment as a matter of law '**is not available . . . on an issue not brought before the court prior to submission of the case to the jury**.'" *Ford v. County of Grand Traverse*, 535 F.3d 483, 491 (6th Cir. 2008) (emphasis added) (citing *Am. & Foreign ins. Co. v. Bolt*, 106 F.3d 155, 160 (6th Cir. 1997)). The Advisory Committee Note to the 2006 Amendment to Rule 50, explains this requirement:

> Because the Rule 50(b) motion is only a renewal of the preverdict motion, it can be granted only on grounds advanced in the preverdict motion. The earlier motion informs the opposing party of the challenge to the sufficiency of the evidence and affords a clear opportunity to provide additional evidence that may be available. The earlier motion also alerts the court to the opportunity to simplify the trial by resolving some issues, or even all issues, without submission to the jury.

4

*See also Sykes v. Anderson*, 625 F.3d 294, 304 (6th Cir. 2010) ("failure to make a pre-verdict motion for judgment as a matter of law under Rule 50(a) on the grounds of qualified immunity precluded [defendant] from making a post-verdict motion under Rule 50(b) on that ground"); *Cater v. Ricumstrict*, No. 07-13311, 2013 WL 1316735, at *1 (E.D. Mich. March 29, 2013) ("[f]ailure to make a pre-verdict motion for judgment as a matter of law under Rule 50(a) ***precludes any post-verdict motion*** under Rule 50(b) and ***any such claim is waived***") (emphasis added) (citing *Sykes*, 625 F.3d at 304; *Bolt*, 106 F.3d at 160).

      Here, New Breed failed to make any pre-verdict Rule 50(a) motion with regard to mitigation or offsetting income. (*See* Ex.1, Trial Tr. 5/7/13, Rule 50 Argument, at 4:6-13:11). The Commission notes that this failure was not harmless. Neither the Commission nor the Court was put on notice of New Breed's challenge to the evidence submitted regarding the back pay award. New Breed's failure to a make a pre-verdict under Rule 50(a) with regard to mitigation or offsetting income precludes any post-verdict motion under Rule 50(b) on these issues. New Breed has waived any such arguments and the back pay awards should not be reduced. The Court's August 23, 2013 Order was correct and New Breed's Rule 60 motion should therefore be denied.

### III. The Jury's Back Pay Awards Were Supported by Record Evidence and New Breed Failed to Establish that the Back Pay Awards Should be Reduced

      Even if the Court were to find that New Breed has not waived its Rule 50(b) arguments on these issues, which the Commission contends it did, the jury's back pay awards were supported by record evidence and New Breed has failed to establish that the back pay awards should be reduced. The Commission has already filed a response opposing the reduction of the Claimants' back pay awards and incorporates these arguments as if full set forth herein. (*See* D.E. # 249, p. 28-31).

      The Commission notes that a judgment as a matter of law under Rule 50 is appropriate only where the court finds that a reasonable jury could not have a legally sufficient evidentiary basis to find

5

for the nonmovant.  *See* Fed. R. Civ. P. 50(a)(1); *see also Weisgram v. Marley Co.,* 528 U.S. 440, 447-448 (2000).  When considering a motion for judgment as a matter of law, "a court should review all of the evidence in the record."  *Reeves v. Sanderson Plumbing Prods., Inc*., 530 U.S. 133, 150 (2000).  However, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence."  *Id*.  Assessing the credibility of witnesses, weighing of the evidence, and drawing legitimate inferences from the facts are jury functions, not those of a judge.  *Id*.  "Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe."  *Id*.

The inquiry on a Rule 50 motion is the same as on a motion for summary judgment under Rule 56.  *Reeves*, 530 U.S. at 150; *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52 (1986).  Judgment as a matter of law is appropriate when, viewing all record evidence and drawing all reasonable inferences in favor of the nonmoving party, *Reeves,* 530 U.S. at 150, there is "no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion, in favor of the moving party."  *Noble v. Brinker Int'l, Inc.,* 391 F.3d 715, 720 (6th Cir. 2004) (quoting *Gray v. Toshiba Am. Consumer Prods., Inc.,* 263 F.3d 595, 598 (6th Cir. 2001)).

The Sixth Circuit has held that the Defendant "bears the burden of establishing a plaintiff's lack of diligence in mitigation or the amount of [his] interim earnings."  *Killian v. Yorozu Automotive Tennessee, Inc.,* 454 F.3d 549, 557 (6th Cir. 2006).  The plaintiff is "entitled to the amount [of damages] claimed unless the defendant can prove otherwise."  *Hance v. Norfolk S. Railway Co.*, 571 F.3d 511, 520 (6th Cir. 2009) (citing *EEOC v. Wilson Metal Casket Co*., 24 F.3d 836, 841 (6th Cir. 2004)).  The Sixth Circuit has also recognized that "[b]ackpay should be awarded even where the precise amount of the award cannot be determined.  Any ambiguity in what the claimant would have received but for discrimination should be resolved against the discriminating employer."  *Hance*, 571 F.3d at 520 (quoting *Rasimas v. Mich. Dep't of Mental Health*, 714 F.2d 614, 628 (6th Cir. 1983).

### A. Christopher Partee

New Breed contends that Partee's back pay award should be reduced in the amount of $9,141 because it claims he earned such amount from employment with Adecco (a temporary agency) in 2008. The only evidence New Breed presented on this issue was a paystub which showed that Partee earned $9,141 working with Adecco at some time in 2008. The paystub did not establish when the income was earned and New Breed did not present any further evidence on this issue.

New Breed completely ignores Partee's testimony on this issue. Partee testified at trial that he was placed at New Breed through a temporary agency, and that it was possible that Adecco placed him at New Breed. (Ex. 3, Trial Tr. 5/2/13, PM Session, at 496:3-497:5, 499:12-500:4). Partee further testified that it was possible that he earned the $9,141 wages listed on the Adecco paystubs while he was working for New Breed as a temporary employee. (*Id.*)

Given this testimony, a reasonable juror could have found that Partee earned the $9,141 from Adecco while he was a temporary employee at New Breed. Accordingly, New Breed's motion for judgment as a matter of law fails. *See Poullion v. City of Owosso*, 206 F.3d 711, 719 (6th Cir. 2000) (recognizing that a "[j]udgment as a matter of law is appropriate only when there is a complete absence of fact to support the verdict, so that no reasonable juror could have found for the nonmoving party").

### B. Tiffany Pete

New Breed also contends that Pete's back pay award should be reduced in amounts of "over $11,000" and "over $18,000." New Breed bases this argument on Pete's cursory testimony that she received income in 2009 and 2010 from cutting hair and doing nails out of her home. (*See* Ex. 4, Trial Tr. 5/1/13 at 88:6-21). New Breed failed to further develop this testimony and, and again, did not present any further evidence on this issue. For example, New Breed failed to establish how long Pete had been earning income from cutting hair and doing nails, or whether she had earned such income before 2009. New Breed did not present any evidence to show that Pete did not also earn income out

7

of her home cutting hair and doing nails in 2008, while she was working at New Breed as a temporary employee. Based on Pete's very limited testimony on this issue, a reasonable juror could have determined this was not offsetting income.

Defendant did not meet its burden of establishing offsetting income and its Rule 50(b) motion fails. Therefore, Pete's back pay award should not be reduced.

### C.   Jacquelyn Hines

New Breed further argues that Hines' back pay award should be reduced by an unspecified amount because she enrolled in school in December 2009. As noted above, New Breed bears the burden of establishing that Hines failed to mitigate her damages. *Killian*, 454 F.3d at 557. The Sixth Circuit has determined that a defendant satisfies this burden

> only by establishing that there were *substantially equivalent positions* available **and** that the plaintiff did not use *reasonable care and diligence* in seeking such positions. A claimant is only required to make reasonable efforts to mitigate damages, and is not held to the highest standards of diligence. Finally, the reasonableness of an employee's effort should be evaluated in light of the individual characteristics of the claimant and the job market.

*Id.* (internal citations and quotations omitted) (emphasis added).

First, the Commission notes that New Breed failed to present any evidence that there were substantially equivalent positions available during the relevant time period. Thus, New Breed failed to establish the first element of the failure to mitigate defense and, accordingly, its motion fails as a matter of law on this issue.

Second, the evidence shows that Hines used reasonable diligence in her job search efforts. Hines testified she started looking for work after New Breed fired her from its Nail Road facility, and that she searched for work in Memphis as well as the surrounding area. (Ex. 5, Trial Tr. 5/2/13, AM Session, at 320:22-322:8). Hines further testified that her job search was not limited to certain types of work, but was looking for "**any** work." (*Id.*) Hines testified she was seeking full-time employment, but was unable to find work. (*Id.*)

8

Hines enrolled in school in December 2009 in a physical therapy program because she was unable to find employment. (Ex. 5, Trial Tr. 5/2/13, AM Session, at 322:9-323:16). Hines also testified that while she was in school from December 2009 until April 2011 she continued to seek employment (during this time she was looking for full-time work at times and part-time work at times, depending on her school externship schedule), but was unable to find any work. (*Id*. at 322:11-323:16, 366:19-367:4). Hines testified that her job search efforts included emailing resumes and applying online to prospective employers, walking-in to inquire whether prospective employers were hiring, sending applications, using career websites to apply for employment, and applying directly with companies online. (*Id*. at 325:3-326:1). Nevertheless, Hines was unable to find work despite her efforts. *See Killian*, 454 F.3d at 557 (recognizing that "[t]he law requires a diligent effort, not fruitful one"). In fact, Hines was unemployed for 17 months before enrolling in school in December 2009, and that she enrolled in school because she was unable to find work. (Ex. 5, Trial Tr. 5/2/13, AM Session, at 320:22-322:18).

The Sixth Circuit has rejected arguments such as the one proffered by New Breed. In rejecting the employer's argument regarding the plaintiff's enrollment in school as "unpersuasive," the Sixth Circuit noted that the plaintiff in *Killian* was unemployed for eight months prior to enrolling in school and held as follows:

> [i]t cannot be said that she removed herself from the job market prematurely, and we cannot fault her for embarking upon a new career when there were no comparable positions available in her old one. We therefore join a number of other circuits in holding that **enrollment in school after a diligent job search does not constitute a failure to mitigate.**

*Id*. (emphasis added) (internal citations omitted).

Here, the jury's back pay award was supported by record evidence. The jury could reasonably have determined that New Breed did not meet its burden to show that there were substantially equivalent positions available during the relevant time period and could reasonably have determined that Hines used reasonable diligence in her job search efforts. Because the testimony and evidence

9

presented at trial was sufficient for the jury to make such findings, New Breed's motion for judgment as a matter of law must fail.

## CONCLUSION

Based on the foregoing, the Commission requests that the Court deny New Breed's Rule 60 motion because (1) the Court's August 23, 2013 Order is correct and Rule 60 is not applicable; (2) New Breed failed to move, under Rule 50(a), for judgment as a matter of law regarding mitigation or offsetting income at trial, and is therefore barred from bringing a post-verdict Rule 50(b) motion on these issues; and (3) the jury's back pay awards were supported by record evidence and New Breed failed to establish that the back pay awards should be reduced.

Respectfully submitted,

**P. DAVID LOPEZ**
General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

**FAYE A. WILLIAMS**
Regional Attorney
TN Bar No. 011730

**JOSEPH M. CROUT**
Supervisory Trial Attorney
TN Bar No. 012957

s/ Kelley R. Thomas (w/ permission MHM)
**KELLEY R. THOMAS**
Trial Attorney
TN Bar No. 023926

s/ Matthew H. McCoy
**MATTHEW H. McCOY**
Trial Attorney
IN Bar No. 29368-49
matthew.mccoy@eeoc.gov

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
1407 Union Ave., Suite 901
Memphis, TN  38104
(901) 544-0070

s/ Anica C. Jones (w/ permission MHM)
**ANICA C. JONES**
Trial Attorney
TN Bar No. 025325
anica.jones@eeoc.gov

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
220 Athens Way, Suite 350
Nashville, TN  37228
(615) 736-2105

## CERTIFICATE OF SERVICE

    I certify that on September 16, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

Louis Britt, Esq.
Asia Diggs, Esq.
FORD & HARRISON, LLP
795 Ridge Lake Blvd., Suite 300
Memphis, TN 38120

Gerald L. Pauling II, Esq.
Christopher J. DeGroff, Esq.
Rebecca Sharon Bromet, Esq.
Ada W. Dolph, Esq.
Jason Priebe, Esq.
SEYFARTH SHAW, LLP
131 S. Dearborn Street, Suite 2400
Chicago, IL 60603

                          s/ Matthew H. McCoy
                          Matthew H. McCoy